### STATE ex rel LOWER, Relator, v. GEORGE et, Respondents.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19954. Decided April 30, 1945.

Bushnell, Burgess & Fulton, Cleveland, and Neil W. McGill, Cleveland, for relator.

Lee Howley, Law Director, J. H. Crowley, Asst. Law Director, and Charles W. White, Asst. Law Director, Cleveland, for respondents.

### MEMORANDUM OPINION

By LIEGHLEY, J.

The writ is denied and the petition dismissed.

Exception.

The claimed emergency of the relator, an individual, does not justify the granting of the writ in face of the existing conditions and circumstances clearly amounting to a public emergency. If this Court by its command should create the opportunity to which he claims to be entitled as a matter of right, the result would likely be a denial of the same opportunity to thousands to whom the same could not now be available.

All men over twenty-one and under thirty years of age, or nearly all, residents of the city, necessarily assumed to be qualified at least physically to become applicants for the examination herein sought, are now by war regulations and requirements in the armed forces or occupational deferments. Of this we should take judicial notice. If an examination be held now, an eligible list would necessarily result with names of men not included within the above groups, but of men who are not among the classes and kinds of men that are amenable to the rules of the Draft or Draft Boards. And this list would probably control the situation for two years regardless of the number of qualified men that may be released from enforced absence or employment.

The denial of the writ is not in any sense a suspension of the statute. It is based on the conclusion that the relator

has failed to show a clear right to the writ if and when his claims are considered in the light of the persuasive and impressive conditions existing and resulting from the war emergency and the probable undesirable consequences that would flow from the allowance of a writ probably inimical to the public interest.

The plan and purpose of Civil Service which the legislature approved and adopted by statutory enactment did not envision an eligible list resulting from an examination had and held at a time when the overwhelming majority of potentially qualified applicants were barred by enforced absence and employment imposed by the necessities of war. With practically all able-bodied and physically qualified men within the age limit as determined by the Draft Boards now in the armed service or occupationally deferred to whom a present examination would not be available or practical, no competitive examination of the kind contemplated by the Civil Service laws is now possible.

When the time arrives in the judgment of the Commission that a proper competitive examination is possible and of the kind that will inure to the public interest, the dilemma of relator and others similarly situated may be and probably will be removed by a temporary modification of its rule as to age of applicants and then and thereby relator given the opportunity to render certain that which is now uncertain that he will meet the requirements of an examination in which there is the real competition contemplated by law and one that will be in accord with the public interest.

SKEEL, P. J., and MORGAN, J., concur.